ROBERT SHANKLIN, ET AL., *v.* R. HARSHFIELD, ET AL.

**Guardian and Ward—Ward Has No Preference Over Other Creditors.**

Where a guardian converts the money of his wards to his own use, such wards have no preference over other creditors in the collection of their claims out of the property of such guardian.

**Settlement of an Estate Under a Deed of Trust.**

> In the settlement of an estate under a deed of trust for the payment
> of debts, where some claims of creditors are older and some younger
> than the homestead exemption law, there should be a pro rata distribu-
> tion of all the debtor's estate, except the homestead, among all the
> creditors, and if this fails to satisfy all the debts, those whose debts
> are older than such homestead laws are entitled to have a sale of the
> homestead in satisfaction of the balance due them.

### APPEAL FROM BULLITT CIRCUIT COURT.

#### June 12, 1877.

OPINION BY JUDGE ELLIOTT:

This was an action brought by the appellants to set aside a deed
made by their mother, Cordelia Shanklin, to W. A. Nally, of all her
property, real and personal, in trust for the payment of Cordelia's
debts.

Appellees, Harshfield and Christ, were made defendants, and on
the part of appellants it is claimed that their mother was indebted to
them in the sum of over nine hundred dollars for estate received
by her, first as administratrix of their father's estate, and afterwards
held as their guardian, and that therefore they have a right to be
paid in full out of their mother's estate in preference to the other
creditors, and that the trust deed of their mother is an attempt on her
part to make appellants share equal with her other creditors, and
therefore void.

We fail to perceive the ground of appellants' preference in this
case. It is true that in the settlement of a dead man's estate debts
due in his fiduciary capacity, such as guardian, etc., have a pref-
erence, but the appellants have no such case. Their debtor is living,
and without estate sufficient to pay her debts, and, to give her
creditors an equal chance, she has conveyed her entire property to
Nally in trust for the benefit of all her creditors.

Harshfield's claim is for building a house on the premises occupied
by Cordelia Shanklin under a contract with her, and for which she
executed her note, and stated in the note that Harshfield should
hold a lien on the house, etc., for its payment. This lien, however
good between the parties, is void in a contest with the creditors of
Mrs. Shanklin because not recorded as the statute requires.

It appears that P. F. Berkhead, in 1875, and about a year after
Mrs. Shanklin had made the deed of trust, obtained judgment
against her, and during the progress of this suit to sell the trust had
a fi. fa. issued on his judgment and levied on her homestead, which

was sold on his debt and purchased at over two hundred dollars by appellant, Robert Shanklin; and he insists that as the property was not redeemed and he has procured the sheriff's deed, that the homestead belongs to him and not to Mrs. Shanklin or her trustee, and he asks to be protected in his title. There can be no doubt but that Burkhead's debt was created before the passage of the homestead law, but the levy and sale of the homestead was ineffectual to pass any title to the purchaser because when they took place the execution debtor, Mrs. Shanklin, did not have the legal title to the property levied and sold. She had a year and upwards before the levy under Berkhead's execution conveyed the homestead and all other property of hers to Nally in trust for the payment of her debts.

The court properly adjudged the execution purchase by appellant, Robert Shanklin, invalid, and canceled his deed, but although it sustained the deed of trust executed by Mrs. Shanklin to Nally, it, in violation of the provisions of the deed itself, adjudged that Harshfield and Christ should have a preference over the other creditors as to the homestead, and directed it sold in satisfaction of their claims. We presume that the reason for this judgment was that Harshfield and Christ's debts were older than the homestead law.

But in the settlement of an estate under a deed of trust for the payment of debts, where some of the claims of creditors are older and some younger than the homestead exemption law, this court has decided that there should be a pro rata distribution of all the debtor's estate, except the homestead, amongst all the creditors, and if this fail to satisfy all his debts his creditors, whose debts were older than the homestead law, could have a sale of the homestead adjudged in satisfaction of the balance. *Webster v. Bronston, Trustee,* 5 Bush 521.

The court below should have had a settlement with Nally, the trustee, and ascertained the funds in his hands, and had all of Mrs. Shanklin's property, outside of the homestead, sold and a pro rata distribution of all the proceeds, and then if the creditors, whose claims originated prior to the first day of June, 1866, were still unpaid, enough of the homestead exempted property should be sold to discharge their claims.

On the return of the case, Robert Shanklin, one of the appellants, will be permitted to be substituted to the rights of Berkhead for the amount paid on his claim, and may be permitted to set it upon this litigation.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*R. J. Meyler, for appellants.   W. R. Thompson, for appellees.*

